GUSTAVUS VOLGER & COMPANY, plaintiffs in error, *vs.* B. W. SMITH & COMPANY, defendants in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

1. Under the Relief Act of 1870 the plaintiffs are only required to prove that they have paid all legal taxes on the notes sued on, to the date of their affidavit that all legal taxes had been paid. (R.)

2. The verdict of the jury should have been either that the plaintiffs had paid, or had not paid, all legal taxes due on the notes sued on, up to the time of filing their affidavit, and not a verdict for the defendants generally. (R.)

Relief Act of 1870. Verdict. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1872.

For the facts of this case, see the decision.

HAWKINS & GUERRY, for plaintiffs in error.

W. A. HAWKINS; A. R. BROWN, for defendants.

WARNER, Chief Justice.

1. This was an action brought by the plaintiffs against the defendants on two promissory notes. The defendants pleaded that the plaintiffs had not paid all legal taxes due thereon, as required by the Act of 1870. The suit was pending at the time of the passage of the Act. The plaintiffs filed their affidavit within the time prescribed, that all legal taxes had been paid on the debts. The affidavit as to payment of taxes is dated 5th April, 1871. The plaintiffs, on the trial, introduced the notes in evidence, and the answers of one of the plaintiffs to interrogatories, to prove that he had paid the taxes due on the notes, who stated that he had paid all legal taxes due thereon up to the 13th April, 1871, so long as the claims were considered solvent. The jury, under the charge of the Court, found a general verdict for the defendants. The plaintiffs made a motion for a new trial, on the ground that the Court

erred in charging the jury, "that it was incumbent on the plaintiffs to prove that they had paid all legal taxes due by law on the notes sued on since the 13th day of April, 1871, as well as before that time," and because the verdict of the jury was contrary to the law and the evidence, which motion for a new trial was overruled by the Court, and the plaintiffs excepted.

2. Whatever may be our respective views in regard to the constitutionality of the Act of 1870, we concur in opinion that the charge of the Court was error, under the provisions of that Act. The plaintiffs were only required to prove, upon the trial, the truth of their affidavit that all legal taxes had been paid on the debts up to the time of making it as a condition precedent of their right to maintain their suit in Court; they were not required to prove that they had paid all legal taxes *since that time.* The issue on trial was whether the plaintiffs had paid all legal taxes due on the notes sued on, and the verdict of the jury should have been, either that the plaintiffs had paid, or had not paid, all legal taxes due thereon up to the time of filing their affidavit, and not a verdict for the defendants generally. The verdict for the defendant generally, and a judgment of the Court thereon, would have been, *prima facie*, at least, a bar to another suit by the plaintiffs upon the notes sued on, whereas, all the defendants were entitled to claim under the Act of 1870, if the taxes had not been paid, as stated in the plaintiffs' affidavit, would have been that the action should be dismissed. We are, therefore, of the opinion that the new trial should have been granted on both grounds taken in the motion therefor.

Let the judgment of the Court below be reversed.